**WO**                    NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexandree-Ana Beauregard, *et al.*, | No. CV-15-02397-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Agro-Jal Farming Enterprises Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Motion to Remand (Doc. 6), to which Defendant Agro-Jal Farming Enterprises, Inc. filed a Response (Doc. 7), and Plaintiffs filed a Reply (Doc. 8). For the reasons stated below, the Court grants Plaintiffs' Motion to Remand.

Plaintiffs filed the instant suit against Agro-Jal, a California corporation, and Tanita, an Arizona corporation, on March 20, 2015, in Maricopa County Superior Court. Tanita answered the Complaint on April 6, 2015, and Agro-Jal answered on April 28, 2015. When Plaintiffs initially filed this action, it was not removable to federal court because Tanita's presence would have destroyed complete diversity where most of the plaintiffs in this action are citizens of Arizona. *See* 28 U.S.C. § 1441(b)(2). On October 21, 2015, the parties filed a Stipulation to Dismiss Tanita Produce Company, Inc. with Prejudice in state court. On October 29, 2015, Judge Douglas Gerlach signed the Order of Dismissal of Tanita Produce Company, Inc. with Prejudice, and the Order was filed on November 2, 2015. On November 23, 2015, Agro-Jal filed a Notice of Removal in this Court. (Doc. 1.)

Because diversity jurisdiction arose after Plaintiff filed the initial pleading, removal is governed by 28 U.S.C. § 1446(b)(3), which provides "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiffs contend this case was subject to removal on October 21, 2015 upon the parties' filing of the Stipulation to Dismiss Tanita. Plaintiffs argue that Agro-Jal's Notice of Removal was untimely because it was not filed within 30 days of the Stipulation and the Court should remand the case to state court. In response, Agro-Jal contends that the 30-day period was not triggered until the Order granting the dismissal of Tanita was filed on November 2, 2015 and thus its Notice of Removal filed on November 23, 2015 was timely.

No Ninth Circuit authority addresses whether a stipulation to dismiss constitutes a "motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," triggering the 30-day period to file a notice of removal. 28 U.S.C. § 1446(b)(3). Generally, removal statutes are strictly construed against removal jurisdiction. *See Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir. 1988). Prior to a court order granting a stipulation to dismiss a party that would destroy complete diversity jurisdiction in federal court, it is not clear that the case is, in that moment, removable. *See* Ariz. R. Civ. P. 41(a). However, § 1446(b)(3) does not require a court order to trigger the 30-day clock to file a notice of removal, but rather explicitly provides that a motion or other paper may suffice. The Court must give effect to each word of the statute, and reading § 1446(b)(3) to mean that the 30-day clock would only begin at the moment the case is removable based on a court order would render the terms "motion" and "other paper" meaningless. *See United States v. Neal*, 776 F.3d 645, 652 (9th Cir. 2015)*.* By including those terms, § 1446(b) contemplates that a defendant can ascertain that the case has become removable upon receipt of a motion or other paper – not just a court order granting the requested relief. *See Moore v. Goodyear Tire & Rubber Co.*, No. CV-11-01174-NVW, 2011 WL 3684508, at *2 (D. Ariz. Aug. 23, 2011) (noting many

1   other courts have found filings such as a notice of settlement suffice to make the case
2   removable).
3         The Court finds that Agro-Jal should have determined the case was one that had
4   become removable under § 1446(b)(3) when it participated in the filing of the Stipulation
5   to Dismiss Tanita, which it knew would result in diversity amongst the remaining parties.
6   Accordingly, the Court finds the Stipulation to Dismiss Tanita was a motion or other
7   paper from which Agro-Jal could have first ascertained that the case had become
8   removable, and the 30-day clock began when the Stipulation was filed on October 21,
9   2015. *See* 28 U.S.C. § 1446(b). Agro-Jal's Notice of Removal filed November 23, 2015,
10  was untimely and, in accordance with 28 U.S.C. § 1447(c), the Court must remand this
11  case.
12        IT IS THEREFORE ORDERED granting Plaintiffs' Motion to Remand (Doc. 6).
13        IT IS FURTHER ORDERED that the Clerk is directed to remand this case to
14  Maricopa County Superior Court and close this matter.
15        Dated this 25th day of February, 2016.

Honorable John J. Tuchi
United States District Judge